**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 96-41224
(Summary Calendar)

BUREL B. SMITH,

                                             Plaintiff-Appellant,

                        versus

LAMAR UNIVERSITY; JOSEPH
OLSON, in his individual
and official capacities;
RAJIV MALKIAN, in his
individual and official
capacities; STEVE MARADIAN,
in his individual and official
capacities,

                                             Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(1:95-CV-1031)

July 23, 1997
Before WIENER, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Plaintiff-Appellant  Burel  B.  Smith  appeals  the  district

---

        [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's dismissal, under Federal Rule of Civil Procedure 12(b)(6) and by summary judgment, of his actions against Lamar University and three of its faculty and staff members —— namely, Joseph Olson, Rajiv Malkian, and Steve Maradian —— in their individual and official capacities (collectively, Appellees). The claims dismissed by the district court under Fed. R. Civ. P. 12(b)(6) were those for constructive termination, Fourteenth Amendment violations, and intentional infliction of emotional distress as to all Appellees, and for violations of Title VII and the ADEA as to the individual Appellees. At the same time, the district court granted Lamar University's motion for summary judgment, dismissing Smith's claims against Lamar under Title VII for racial discrimination and retaliation, as well as his ADEA claim.

After carefully reviewing de novo the record on appeal and the briefs of counsel for their respective clients, and carefully considering the Final Judgment of the district court filed October 31, 1996, dismissing all of Smith's actions against all Appellees, we reach the same conclusion as did the district court. No useful purpose would be served by our writing separately, as the analysis contained in the district court's craftsmanlike opinion adequately and correctly disposes of this case. Thus the rulings, orders, and judgment of the district court are, in all respects, AFFIRMED.